IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## CV 13 - 6142

RAYVON SHEPHERD,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE ROBERT, and
DOES 1-10.

Defendants.

**COMPLAINT AND
JURY DEMAND**

Plaintiff Rayvon Shepherd, by his attorney, John M. Lambros, respectfully alleges as follows:

### NATURE OF THE ACTION

1.     This action arises from the deprivation of Plaintiff's rights guaranteed to him under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

### JURISDICTION

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

3.     Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in Kings County, New York.

## PARTIES

4.    Plaintiff resides in Brooklyn, New York.

5.    Defendant Robert is employed by New York City as a police detective.

6.    Defendant the City of New York is a municipality existing under the laws of the State of New York.

7.    Defendants Does 1 through 10 are yet-to-be identified individuals with the NYPD and are sued in their individual, official, and supervisory capacities.

8.    At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD.  All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants.  Plaintiff is presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

## FACTS

9.    On or around January 3, 2013, between 6 pm and 7 pm, Plaintiff had just returned to New York City to visit his newborn cousin at 368 New Jersey Avenue, 3d floor.  Plaintiff heard officers shout: "don't move!"  Plaintiff saw the officers force the superintendent to open the vacant 2d floor apartment.  Another officer then barged into Plaintiff's aunt's apartment and searched it.  Plaintiff's aunt repeatedly requested a warrant, which the officers did not provide.  Shortly thereafter, a detective from the second floor instructed officers on the third floor to bring Plaintiff downstairs.  Plaintiff

2

was then assaulted, slammed to the wall, and arrested.  Thereafter, Plaintiff was taken to the 75th Precinct and on to Central Booking.  The charges against Plaintiff were dismissed.  The officers employed unreasonable and excessive force against Plaintiff and lacked probable cause to arrest him.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

10.    Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

11.    As a result of defendants' individual and collective acts, Plaintiff was unlawfully detained and searched in violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and in violation of his rights under the statutory and common laws of New York State and the New York State Constitution.  Plaintiff was also subjected to excessive force in violation of his state and federal rights.

12.    Plaintiff suffered injuries due to defendants' deliberate indifference to plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.  The City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

13.    Plaintiff was injured by defendants because their acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiff's civil rights under the

3

United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14.     Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search and assault Plaintiff lacked any legal justification.

15.     The City's training and supervision policies were (and continue to be) constitutionally inadequate. "While New York City pays the Police Department's skyrocketing legal bills, the department makes almost no effort to learn from lawsuits brought against it and its officers.  The department does not track which officers were named, what claims were alleged or what payouts were made in the thousands of suits brought each year.  What's more, officers' personnel files contain no record of the allegations and results of lawsuits filed against them." Joanna C. Schwartz, *Watching the Detectives*, N.Y. TIMES, June 16, 2011 at A35 (reporting on a study of police misconduct cases conducted by New York's Comptroller, John C. Liu.). The City deliberately provides officers with no incentive to avoid Constitutional violations.

16.     Plaintiff was injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiff and conspired against Plaintiff, and, as a result, violated Plaintiff's rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

17.     Damages from Plaintiff's detention, which was in violation of the Fourth Amendment, are presumed.  Plaintiff will seek damages for his physical

4

injuries and emotional distress.  Where the plaintiff, as here, was indisputably deprived of her liberty, and the conduct of the defendant responsible for the deprivation is unlawful (*e.g.,* humiliating strip search), the plaintiff is entitled to not merely nominal, but compensatory damages.[1]

18.     Because there is Constitutional injury—*i.e.,* unlawful search and seizure and excessive force—and there is no genuine dispute that the violation resulted in injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

19.     Plaintiff also seeks damages for emotional distress and humiliation, economic damages, and punitive damages to be determined by a jury.  Plaintiff also seeks attorneys' fees.

## SECOND CAUSE OF ACTION

(False Imprisonment)

20.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

21.     As a result of defendants' individual and collective acts, Plaintiff was subjected to unlawful imprisonment in violation of his rights under federal law and the laws of the State of New York.

22.     As a result of defendants' actions and/or inaction, Plaintiff now suffers from severe emotional distress. Plaintiff also seeks costs and fees to be determined by the Court or a jury.

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

[2] *Id.*

## THIRD CAUSE OF ACTION

(Negligence)

23.    Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

24.    Defendants owed Plaintiff a duty of reasonable care.  Defendants breached that duty by unlawfully searching and seizing Plaintiff, and subjecting Plaintiff to excessive force.  In addition, the City has a duty to monitor its officers and impose internal discipline when improper behavior is substantiated.  In short, the City is obligated to weed out the bad apples.  Its failure to do so also constitutes a breach of its duty of care.  Defendants' breach was the legal and proximate cause of harm to Plaintiff, discussed *supra*.  Specifically, failing to discipline and train officers not to falsely arrest, use excessive force or unlawfully search and seize, particularly when they previously have done so, and the City has turned a blind eye, proximately caused the injuries complained of herein.

25.    Defendants' individual and collective acts constituted negligent training and/or supervision and resulted in violation of Plaintiff's rights under the laws of the State of New York.

26.    The City is liable under the theory of respondeat superior for the tortious conduct of its officers and otherwise responsible for the violations of Plaintiff's rights under the laws of the State of New York and the United States.

27.    As a result of the foregoing, Plaintiff has been damaged and seeks economic damages, compensatory damages, damages for emotional distress, along with any punitive damages because defendants' actions were intentional, reckless,

grossly negligent and/or willful and wanton, costs, and fees, as may be deemed proper by a jury and the Court.

## FOURTH & FIFTH CAUSES OF ACTION

### (Assault & Battery)

28.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as though fully set forth herein.

29.     As a result of defendants' individual and collective acts, Plaintiff was subjected to assault and battery in violation of his rights under the laws of the State of New York when she was repeatedly subjected to unauthorized and offensive touching and threatened by the Officer defendants.

30.     As a result of defendants' actions and/or inaction, Plaintiff suffered mental and emotional trauma, and compensatory damages.

31.     As a result of the foregoing, Plaintiff has been damaged and seeks compensatory damages, along with any punitive damages, costs, and fees as may be deemed proper by a jury.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and collectively for the following:

a)     Compensatory damages to be determined by a jury for pain and suffering, mental anguish, and deprivation of liberty;

b)     Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c)     Reasonable attorneys' fees and costs;

d)     Economic damages;

e)     Injunctive and declaratory relief; and

7

f)      Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R.

Civ. P. 38(b).

Dated: New York, NY
       November 4, 2013

By_____
John M. Lambros (JL1265)

**LAW OFFICE OF JOHN M. LAMBROS**
John M. Lambros
40 Wall Street, 28th Floor
New York, NY 10005
(212) 430-6474 (tel.)
(212) 208-2933 (fax)
John@Lambroslawfirm.com

8