PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAYVON SHEPHERD,

                           Plaintiff,

         -against-

DET. ROBERT MAYER, SGT. PATRICK
MCGRATH, P.O. DAVID GRIECO.

                           Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

13 CV 6142 (NG) (VVP)

Plaintiff RAYVON SHEPHERD (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff, an African-American man, is a resident of the State of New York.

7. Defendants are members of the NYPD and were assigned to the 75th precinct at the time of the incident.

8. On January 3, 2013, around 5 p.m., plaintiff was visiting his aunt and his little cousin at 392 New Jersey Avenue, on the 3rd floor in Brooklyn, New York.

9. Plaintiff was inside her apartment for approximately 20 minutes when he heard a commotion coming from the 2nd floor of his aunt's building.

10. When plaintiff looked down the stairs from the 3rd floor, he saw the individual defendants who directed him to come down to the 2nd floor.

11. When plaintiff came down to the 2nd floor, he noticed that the individual defendants were searching a vacant apartment.

12. Defendants directed plaintiff to enter the vacant apartment and as soon as he did, he was arrested.

13. Plaintiff realized that he and two other defendants were arrested and charged with possession of a weapon and marijuana.

14. Plaintiff did not possess a weapon or any marijuana.

15. Despite the fact plaintiff was innocent, defendant transported him to the 75th precinct and then on to Central Booking.

16. Defendants falsely stated that plaintiff was in possession of guns and drugs and forwarded that information to the DA's office.

17. Plaintiff spent 36 hours in custody because his bail was set high based on the false allegations forwarded by defendants.

18. Plaintiff was able to post bail and the Grand Jury refused to indict him and the case against him was dismissed after several months.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

21. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure and unlawful governmental intrusion was violated and he sustained injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Defendants knew that by filing false charges against Plaintiff, he

would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff was engaged in criminal activity.

27. Due to Defendants' actions, Plaintiff was deprived of life and liberty interest.

28. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.

29. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendants targeted Plaintiff and falsely accused him of crimes because of his race, ethnicity and color.

32. Defendants intentionally discriminated against plaintiff and in so doing denied him the full and equal benefits and equal protection under the laws.

33. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Conspiracy under Section 1985)

34. Plaintiff repeats, reiterates, and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

36. In addition, defendants engaged in such conduct to appease the NYPD brass that they were doing something about crimes and making arrests (albeit false arrests) to obtain leverage during promotions and move up in the ranks within the NYPD.

37. As a result plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. Defendants' actions and conduct denied plaintiff the right to a fair trial by creating false information that would have likely to influence a jury and forwarding that information to the prosecutors.

40. Defendants' actions of fabricating evidence and signing official documents were unconscionable and plaintiff is entitled to relief under the theory of denial to a fair trial.

41. As a result of this, plaintiff was injured.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       June 22, 2015

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: /s/ Vik Pawar
Vik Pawar (VP9101)
*Attorneys for Plaintiff*